IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MIKEL STETSON LETHERMAN, | Cause No. CV 25-62-BLG-DLC |
| Petitioner, | |
| vs. | ORDER |
| WARDEN L. ROSA, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Mikel Stetson Letherman ("Letherman"), a state prisoner proceeding pro se, filed a petition seeking federal habeas corpus relief under 28 U.S.C. § 2254. *See*, (Doc. 1.) On May 30, 2025, this Court entered an Order explaining that the claims contained in Letherman's petition were not cognizable in federal habeas; he was provided an opportunity to file an amended petition. (Doc. 3.) Letherman responded not by filing an amended petition but instead requesting a stay and abeyance in this matter, indicating that his intent to pursue postconviction relief in the state district court. *See*, (Doc. 4.)

This Court then entered an order explaining the showing that must be made,

1

pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005), and *Mena v. Long*, 813 F. 3d 907 (9th Cir. 2016), in order for a stay to be imposed. *See generally*, (Doc. 5.) Letherman then responded filing an amended petition, (Doc. 6), but he has not addressed the requisite *Rhines* showing.

In his amended petition Letherman asserts: (1) the State of Montana lacked statutory authority to prosecute and convict him in violation of his right to due process, (*id*. at 3-4); (2) trial counsel provided ineffective assistance, (*id*. at 4-5); (3) appellate counsel provided ineffective assistance, (*id*. at 5); and the State of Montana failed to disclose material evidence. (*Id*. at 6.) Letherman acknowledges that he has presented these same claims in his petition for postconviction relief pending before the state district court and is waiting on that decision. *See e.g.*, *Id*. at 7.

The Court has independently reviewed the state court docket in *Letherman v. State*, DV 25-610.[1] *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue). Letherman's postconviction petition raises the same claims as his federal petition. The State has responded to Letherman's postconviction petition, but the

---

[1] For purposes of clarity a copy of the state court docket will be attached as an exhibit to this Order.

state district court has not yet ruled.

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad

3

constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present matter, the state courts have not yet considered the claims Letherman attempts to advance. Letherman must present these same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. While Letherman has filed a petition with the state district court, that does not constitute complete exhaustion. Because Letherman has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Dismissal will be **without prejudice**, allowing Letherman to return to this Court if and when he fully exhausts the claims relative to his current custody. Additionally, because Letherman has not demonstrated an adequate basis to impose a stay under *Rhines* or *Mena*, his motion for stay will be denied.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

4

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Letherman has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Letherman's Amended Petition (Doc. 6) is DISMISSED **without prejudice** as unexhausted.

2. Letherman's Motion to Stay (Doc. 4) is DENIED.

3. The Clerk of Court is directed to attach a copy of the state court docket sheet in *Letherman v. State*, DV 25-610, as an exhibit to this Order.

4. The Clerk of Court is directed to enter a judgment of dismissal.

5. A certificate of appealability is DENIED.

DATED this 1st day of August, 2025.

>*/s/ Dana L. Christensen*
>Dana L. Christensen
>United States District Court Judge